**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**BROOKENS et. al.** )
**Plaintiffs**
) Civil Action No, 12-502 (RWR
**v.**
)
**UNITED STATES OF AMERICA et. al.**
**Defendants** )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

## I. Prior Motions Not Conceded as Evidenced by Opposition to Motion to Dismiss and Opportunity of Plaintiff to File Consolidated Opposition

On July 2, 2012, Federal Defendants filed the [Federal] Defendants' Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, Motion for Summary Judgment.

On July 5, 2012, this court granted the Motion of Defendant Jennifer Long to Dismiss the Complaint.

On July 23, 2012, plaintiffs requested a continuance, without the defendants' consent to the request. The continuance was required in order to meaningfully respond to the outstanding motions and assess the impact and legal status of the criminal proceeding against Mr. Brookens in the D.C. Superior Court (Criminal Division), case 11 CCC 10 and/or the D.C. Court of Appeals, case 2010 BG 898, D.C. Unauthorized Practice of Law (Administrative Proceeding), on these proceedings, as advanced by the Defendants.

On August 24, 2012, the Honorable Judge Jose Lopez, continued the sentencing of Mr. Brookens to October 2, 2012. The Court noted that Mr. Brookens has an appeal, entered June 8, 2012, in the D.C. Court of Appeals pending, to the Court's May 10, 2012, order and verdict, and that on July 23, 2012, the D.C. Court of Appeals entered an Order, for the Appellant, Mr. Brookens, "to Show Cause" why the appeal should not be dismissed—"as having been

prematurely filed since appellant has not been sentenced. See West v. U.S. 346 A.2d 504 (D.C. 1975); D.C. App. R. 4(b)(1). Mr. Brookens responded to the order and the D.C. Court of Appeal's disposition, is pending.

D.C. Administrative Law Judge, Jennifer Long, requested that this court dismiss the action against her, for a myriad of reasons, but essentially lack of personal service—and the same principle applies to D.C. Administrative Law Judge Tyrone Butler and his claim of lack of service and court jurisdiction.

Plaintiff, however, in the case of Jennifer Long, opposed the other grounds for dismissal, on the same grounds that Plaintiffs, Benoit Brookens and Mary Todd, opposed the dismissal for reasons enumerated by defendants Metzler, the District of Columbia, and the law firm of Covington and Burling llp.

For administrative economy, the plaintiff preferred, to file a consolidated opposition, to address all the issues raised by the defendants—rather than address the issues, from multiple defendants, individually and piecemeal, addressing the same issues before this court.

Plaintiffs' position, however, was unsuccessful, in their effort to consolidate the plaintiffs' prior oppositions, and manifest its intention to file a consolidated opposition to the motions once all the defendants-- havinf acknowledged proper service-- and the governments (Federal and District of Columbia) having had a reasonable and fair opportunity to ascertain its representation of these individuals in their official or personal or capacities and file and Answer to the Complaints—on the merits of the allegations against each and every defendant.

## I. Defendants D.C. Defendants Long and Butler and Federal Defendants, U.S. Jefferey Ragsdale, Cynthia R. Wright, and David Neuman, Marshal Argue Insufficiency of Service of Process

D.C. Defendants Long and Butler and Federal defendants, Jeffrey Ragsdale, Cynthia R. Wright, and David Neuman, claim, as a defense to this civil suit, that they are in court due to improper service of process—and—as a consequence, that this court lacks personal jurisdiction over the two D.C. government official defendants, Long and Butler, and all the federal defendants [1] the United States of America; [2] the Office of the United States Attorney for the District of Columbia; [3] Ronald Machen, Jr., in is individual and official capacity as United States Attorney for the District of Columbia; [4] Jeffrey Ragsdale, in his individual and official capacity as Assistant United Stated Attorney; [5] Cynthia R. Wright, in her individual and official capacity as Assistant United Stated Attorney; and [6] David Neuman, in his capacity as Deputy United States Marshall, pursuant to FRCP 12(h).

In fairness and equity, to all defendants, lack of personal service, is a substantial issue for all parties, plaintiffs and defendants, currently--and down the road--of this litigation. If all the parties have not been personally served in this litigation, in plaintiffs' effort to hold them accountable for their actions in their official and private capacities, justice will not be done, and the judicial process, for all the parties, will be ineffective and undermine the basic premises of fair and equitable judicial resolution of conflict.

The Honorable Judge Jose Lopez, in proceedings on August 24, 2012, noted that the plaintiffs, in this action initially sought to enjoin criminal prosecution efforts in his court, against Mr. Brookens, and initially named him as a defendant, and sought temporary (Temporary Restraining Order, T.R.O, and preliminary injunctive (Preliminary Relief) relief against the criminal prosecution of Mr. Brookens.

Plaintiff concurs that all defendants must be personally served and provided an opportunity to obtain defense counsel in their official capacities and in the defense of their personal conduct, beyond their official governmental duties.

Likewise, plaintiffs should be entitled to provide a full, fair, and equitable opportunity to provide personal service on all identifiable defendants, who are indispensable to a fair and equitable resolution to this dispute.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), the law does not require any of the participants, individuals, and parties to volunteer to participate in any litigation or subject themselves to any direct or indirect liability implicit to any defendant for their actions related to the forced entry,search warrantless arrest, of Mr. Brookens and Ms. Todd, at Mr. Brookens' residence.

The governments, Federal and District of Columbia, may at some point, accept service—and respond on the merits for the actions of D.C. defendants Long and Butler, and Federal Defendants, Ragsdale, Wright, and Neuman, and provide a response, via an Answer.

However, to date, that has not happened.

The Defendants, in this instance, the Federal Defendants, in their motion of July 2, 2012, cite a variety of reasons, as to why this proceeding should not proceed, lack of FRCP 12(b)(1) lack of subject matter jurisdiction, Defendants Motion, p. 5. The Federal Defendant, in support of that motion to dismiss, provide that "it is well established that, in an action against a federal employee in his or her individual capacity, the defendant must be served with process in accordance with rules applicable to individual defendants. Simpkins v. District of Columbia Government 108 F.3D 366, 368-70, (D.C. Cir. 1997); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.DC. 1989).

However, the governments (in the case of the Federal employees) acceptance of service – in their official capacities—does not acknowledge or response to the allegations against the defendants that their actions are not covered by the scope of their official duties. Likewise, the same is true for the District of Columbia employees.

Plaintiffs, in lieu of a dismiss of their action, at this point, should be entitled to additional time to effect personally service on -- all the defendants—Federal and District of Columbia, and those who are private parties and claim immunity based upon their "governmental responsibilities." However, this is not ascertainable until personal service—complete with submission of all the pleadings and filings to date, in the litigation, pursuant to the FRCP 4, governing service of process, and each defendant, in their individual and official capacities has, through counsel, filed an Answer to the Complaint, addressing the merits of each allegation, in the complaint, on the merits.

In Answer to the Complaint, each defendant simply must admit or deny the allegation.

Without personal service, especially for any governmental defendants, D.C. Government and Federal, this court has bifurcated jurisdiction, over their official acts, for which the government may file a response and enter prospective defenses, and lacks jurisdiction for actions of the Federal (and likewise to the D.C. defendants), who have not been personally served or Answered the allegations of the Complaint.

## II. DEFENDANTS' 12(b)(6) FAILURE TO STATE A CLAIM DEFENSES

D.C. defendants Long and Butler and Federal defendants Ragsdale, Wright, Neuman and Machen all provide variations of their motions to dismiss for failure to state a claim, pursuant to FRCP 12(b)(6).

Plaintiffs, however, for all defendants, provide a painstaking detailed depictions of the allegations providing the basis for their claims against the defendants, D.C. and Federal Government employees.

Plaintiffs appear to have provided sufficient detail to enable each defendant to individually, and collectively, to analyze, address, and response to the specifics of Plaintiffs' Brookens and Todd's claims against them.

Available to D.C. defendants Long and Butler under FRCP 12(g) Consolidation of Defenses in Motion and Federal employee defendants, Ragsdale, Wright, and Neuman, who, according to the return of the Complaint, is no longer a federal employee at the U.S. Marshal Service, and, is, if no longer, an employee of the U.S. Marshal Service, or the Federal Government, is entitled to private defense counsel to respond to any allegations beyond the scope of his official duties—those defined and described by his Position Description (PD).

Defendants, claiming lack of service of process, by all means are entitled to personal service, to establish personal jurisdiction by this court for actions committed against plaintiffs Brookens and Todd beyond their official duties.

In this vein, Federal Rules of Civil Procedure provides, "A party who makes a motion under this Rule may join with it any other motions …available to the party."

The FRCP further provides that "if a party makes a motion under this Rule but omits therefrom any defense of objection then available to the party which this Rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted…"

D.C. defendants Long and Butler-- and Federal defendants Ragsdale, Wright, and Neuman-- in their Motions to Dismiss, attempt to defend all the allegations to the actions, as indicated in their response to the allegations in the complaint, without filing the required Answer

to the allegations as required by FRCP (8)(b) and simultaneously asserting the defense, lack of personal service.

Plaintiff, is this consolidated, Opposition to the defendants' Motion to Dismiss, concedes that all defendants must be personally served to properly establish jurisdiction of this court to address private actions, not properly encompassed within the scope of their governmental duties.

All defendant—in their private capacities, especially Administrative Law Judge Butler and former U.S. Marshal David Neuman, who claim that they no longer work for the agencies where the alleged transgressions took place, are entitled to be personally served, and are not required to voluntarily accept service—or to be deemed to have been served, in their individual capacities—with the ensuing personal liability, without the required personal service for FRCP 4.

However, Plaintiffs' actions, on this basis, may not be dismissed.

Plaintiffs are likewise, entitled to additional time to personally locate and service ALL the defendants, including those defendants unknown to the Plaintiffs, Brookens and Todd, and are known to some and potentially all of the other defendants since the initiation of this civil action.

Lack of Personal Service of Process upon each defendant, is a bona fide defense, and each defendant is not required to voluntarily accept service or to participate in this law suit as a defendant.

At the same time, it is unfair to private party plaintiffs, Brookens and Todd, to expend time and energy responding to separate—individual motions—by the Federal and D.C. Governmental defendants, and the private party defendant, when the issues, and the response

(e.g. lack of personal service) are the same and additional time is due to the Plaintiff to effect personal service, on each of the defendants pursuant to FRCP 4.

**III. Plaintiffs, to Provide Judicial Economy, and to Preserve Resources of the Court and the Parties Plaintiffs, in Particular, Inferred its Request to Provide and Consolidate its Opposition and the Opportunity to Address, in a Comprehensive Manner, D.C. Government and Federal Government defendant Answers.**

Although it is redundant, this court has established that it may not proceed without personal jurisdiction over the parties.

In this vein, the defendants' claim a denial of lack of proper service of process, and therefore, the court lacks jurisdiction to proceed in this matter, as a defense.

Plaintiffs, to the contrary court's findings, do not concede the motions, and only sought, additional time and a fair opportunity to file a consolidated opposition.

The court, in consideration of defendants' motions to dismiss for failure to state a claim, pursuant to FRCP 12(b)(6), must exclude from consideration any documents and affidavits, filed by the defendants, that address the merits of the litigation.

The Federal Defendants recognize that the "district court is required to deem the factual allegations as true and consider those allegations in the light most favorable to the non-moving party when evaluating a motion to dismiss under Rule 12(b)(6). Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006).

Defendants, by their filing of documents and affidavits, however, do not automatically convert the motions to ones for Summary Judgment, pursuant to FRCP 56.

Pursuant to court rule, FRCP 56, in consideration of such motion, the plaintiffs are entitled to reasonable opportunity for discovery to defeat the motion.

D.C. defendants Long and Butler, and now Federal defendants--Ragsdale, Wright, and Neuman--cannot both decline to waive their allege defenses--lack of personal service—and raise all the defenses without filing the required Answer to the Complaint.

Plaintiff is entitled to challenge the defenses, and any inconsistencies in the presentation of those defenses. Plaintiffs, in this litigation, are entitled to a full and fair opportunity to respond to a Motion for Summary Judgment, to counter any material issues of undisputed facts, after discovery.

Defendant Wright, in cooperation with private attorney Metzler, cannot claim immunity--as acting within the scope of their duties as members of the D.C. Government Unauthorized Committee—and simultaneously claim immunity as acting—with the scope of her federal position—in the "Homicide Division" of the U.S. Office of the Attorney General for the District of Columbia.

Defendant Jennifer Long cannot claim immunity for actions in allegedly holding a hearing—and then taking no further action against Mr. Brookens and provide the same immunity to ALJ Butler who, as of record, has not responded to the lawsuit, had no relationship to the proceedings before ALJ Long, in which Mr. Brookens properly appeared, in 1984, and entered his appearance on the hearing record.

Plaintiffs, pursuant to FRCP 56, are required to be afforded an opportunity to respond to the defenses raised by a properly prepared Motion for Summary Judgment--with supporting documentation and affidavits and a Statement of Material Issues of Fact Not in Dispute-- from the affected defendants, Long and Butler represented by D.C. government or private counsel, and Federal defendants Ragsdale, Wright, and Neuman in their motions. Slater v. Biehl, 793 A.2d 1268, 2002, D.C. App. LEXIX 65 (2002), MacMeekins v. Krassel, 123 WLR 2137

(Superior Court 1995); Washington Square Ltd. Partnership v. Lofchie, 115 WLR 165 (Superior Court 1987);

None of the Federal defendants (as well as the D.C. defendants) in their filings, documentation, and affidavits of record, do not address, or waive their right to personal service—before this court can fully address the issues on the merits, D.C. defendants Long and Butler and Federal defendants Ragsdale, Wright, and Neuman must resolve their complaint that they were not properly served and afforded a reasonable opportunity to defend this Complaint—after personal service.

In any event, to correct the deficiency, Plaintiffs are entitled to request this court to grant it additional time to obtain and effect personal service of process on both defendants Long and Butler.

D.C. Defendants Long and Butler and Federal defendants Ragsdale, Wright, and Neuman, may be represented by governmental and/or private counsel, allegations that they were not personally served—prevents this court from exercising personal jurisdiction over these parties. Without personal service, in their individual capacities, or the resolution of the issue of service of process, this court, the Plaintiffs, Brookens and Todd, are unable to proceed to a determination of all the required issues on the merits.

The Federal defendants claim—lack of personal service—and lack of personal jurisdiction--conflicts with its asserted defenses in FRCP 12(b)(6), failure to state a claim upon which relief may be granted.

For the forgoing reasons, the Plaintiff's oppose Defendants' Motions to Dismiss, or In the Alternative, Motion for Summary Judgment.

_S/CWR____________________________________
Claude W. Roxborough, Esq. #162313
Kimmel and Roxborough
202/270-6109 (cell)
705 Irving Street, NW
Washington, DC 20010
202/332-7600

**CERTIFICATE OF SERVICE**

I, hereby certify that a copy of the foregoing was served via e-mail this 27th day of August 2012.

Michael J. Lanzdorf
Office of the Attorney General for the District of Columbia
441 Fourth Street NW, Room 600S
Washington, DC 20001
(202) 724-6648
Fax: (202) 741-0573
Email: michael.lanzdorf@dc.gov
*Counsel for defendant District of Columbia*

Jeffrey G. Huvelle, Esq.
Covington and Burling, llp
1201 Pennsylvania Avenue, NW
Washington, DC 20004
jhuvelle@cov.com

Wynne P. Kelly, Esq.
Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
(202) 307-2332
Email: wynne.kelly@usdoj.gov
*Counsel for defendant Cynthia R. Wright, Esq.*

Paul A. Hemmersbaugh,
Esq.,
Sidley and Austin, LLP
1501 K Street, NW
Washington, DC 20005
phemmersbaugh@sidley
.com

S/CWR
Claude W. Roxborough