## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
BENOIT BROOKENS, et al.,       )
                               )
          Plaintiffs,          )
                               )
          v.                   )   Civil Action No. 12-502 (RWR)
                               )
UNITED STATES OF AMERICA,      )
et al.,                        )
                               )
          Defendants.          )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiffs Benoit Brookens and Mary Todd filed this action asserting claims under 42 U.S.C. § 1983 and the common law against the District of Columbia, the United States Attorney for the District of Columbia and numerous other defendants in connection with Brookens's arrest and prosecution for criminal contempt for violating an order that prohibited Brookens from practicing law or holding himself out as a lawyer in the District of Columbia.  The District of Columbia and the named federal defendants move to dismiss the complaint.  Because the plaintiffs have failed to address the federal movants' arguments and the complaint fails to state a claim for which relief can be granted against the District of Columbia, the defendants' motions will be granted and the complaint will be dismissed against all federal defendants and the District of Columbia.  Because the plaintiffs have demonstrated no good cause to extend time to serve defendant Judge Butler, he will be dismissed as a defendant.

-2-

BACKGROUND

In 1984, Brookens was a resident of the District of Columbia.  He was a member of the bars of the States of Wisconsin and Pennsylvania, but he was not a member of the District of Columbia Bar.  That year, Brookens filed a tenant petition with the Office of the D.C. Rent Administrator on behalf of himself and other tenants in the apartment building in which he lived.  Compl. ¶ 25.  The Rent Administrator awarded Brookens $10,000 in damages, awarded the class over one million dollars in rent overcharges and ordered that the tenants were entitled to rent reductions.  Id. ¶¶ 26-27.  In 1986, Brookens was found to have engaged in the unauthorized practice of law in other matters while he was not an admitted member of the D.C. bar.  See Brookens v. Comm. on Unauthorized Practice of Law, 538 A.2d 1120 (D.C. 1988).  Brookens was prohibited from

> (1) representing any person other than himself, or any corporation, association, partnership, organization, or other entity, in any court in the District of Columbia unless he is a member of the bar of the court in which such representation takes place;
>
> (2) using such terms as "lawyer," "attorney," "counsel," "counselor" or "counsellor," "Esq.," or "Esquire" to refer to himself in such manner as to convey the impression that he is entitled or authorized to practice law in the District of Columbia, or in any way holding himself out as authorized or qualified to practice law in the District of Columbia;
>
> (3) engaging in any manner in the practice of law in the District of Columbia, as that term is defined in Rule 49(b)(3) of the General Rules of this court; and

-3-

(4) engaging in any other conduct prohibited by Rule
49(b)(2) of the General Rules[.]

Brookens, 538 A.2d at 1122 n.6.  In 2010 Brookens was arrested

and charged with 19 counts of criminal contempt for violating

these prohibitions and engaging in the unauthorized practice of

law.  The government went forward on four of the counts.  Compl.

¶ 35; Fed. Defs.' Mem. in Supp. of Mot. to Dismiss ("Fed. Defs.'

Mem."), Ex. 1 at 1.  The matter was assigned to Superior Court

Judge Lopez,[1] who conducted a bench trial.  Defendants Assistant

United States Attorney Cynthia Wright, the chair of the Committee

on the Unauthorized Practice of Law (the "Committee"), and

Theodore Metzler, a Committee member, prosecuted the case.  In

May 2012, Judge Lopez issued an opinion finding Brookens guilty

of four counts of misdemeanor criminal contempt of court for

engaging in the unauthorized practice of law.  Fed. Defs.' Mem.

at 4; see also United States v. Brookens, No. 2011-CCC-10 (D.C.

Super. Ct. filed May 20, 2012).

The plaintiffs filed this 12-count action in May 2012, based

on the events surrounding Brookens' prosecution.  The complaint

alleges that the District of Columbia, District of Columbia Bar,

Wright, Metzler and his law firm Covington & Burling LLP, and

Administrative Law Judges Tyrone Butler and Jennifer Long acted

---

[1] The caption of the plaintiffs' complaint in this case does
not list Judge Lopez as a defendant, but the text of the
complaint purports to identify him as a party defendant.  See
e.g., Compl. ¶¶ 11, 328.

-4-

under the color of state law to violate the plaintiffs' right to
equal protection by preventing Brookens from representing low-
income residents in administrative proceedings (First Cause of
Action), Compl. ¶¶ 36-90; that the District, Wright, Covington &
Burling, Metzler, Judge Butler and Judge Long acted under the
color of state law to violate Todd's rights under the First
Amendment by detaining her for associating with Brookens, and
that they committed common law torts by maliciously prosecuting
Brookens and intentionally inflicting emotional distress on him
(Second, Third and Eighth Causes of Action), id. ¶¶ 91-155, 245-
264; that all defendants acted under the color of state law to
violate Brookens' Fourth Amendment right to be free from
unreasonable searches and seizures (Fourth Cause of Action), id.
¶¶ 156-228; that Brookens was falsely arrested and denied a
speedy jury trial (Fifth Cause of Action), id. ¶¶ 229-235; that
the unidentified Marshals, unidentified MPD officers and Neumann
assaulted and battered Brookens and Todd (Sixth and Seventh
Causes of Action), id. ¶¶ 236-244; that Wright defamed Brookens
(Ninth Cause of Action), id. ¶¶ 265-277; and finally that the
District, the United States, the United States Attorney, and
Assistant United States Attorney Jeffrey Ragsdale negligently
failed to train and properly supervise the prosecutors who
participated in the criminal action (Eleventh and Twelfth Causes

-5-

of Action), id. ¶¶ 286-325.[2]  The complaint sought an order
enjoining Metzler and Wright from criminally prosecuting
Brookens, id. ¶¶ 326-27, an order "[t]hat the prosecution" of
Brookens by Wright and Metzler "violates the U.S. Constitution,"
$3,000,000 in compensatory damages, punitive damages, costs and
attorneys' fees, id. at 50.  Metzler, Covington & Burling, the
District of Columbia Bar, and Judge Long filed motions to dismiss
that were granted as conceded.[3]  The District of Columbia and the

---

[2] The complaint mislabels a request for "aggravated damages"
as cause of action.  Compl. ¶¶ 278-285 ("Tenth Cause of Action").

[3] Plaintiffs moved for reconsideration of this court's order
granting as conceded the motions to dismiss the complaint against
Metzler, Covington & Burling, and the District of Columbia Bar,
arguing that they had met an "excusable neglect" standard
justifying the relief sought.  But, Rule 54(b) governs motions
for reconsideration of interlocutory decisions, Scott v. Dist. of
Columbia, 246 F.R.D. 49, 51 (D.D.C. 2007) (citing Cobell v.
Norton, 224 F.R.D. 266, 271 (D.D.C. 2004)), which may be revised
"at any time before the entry of a judgment adjudicating all the
claims and all the parties' rights and liabilities[,]" Fed. R.
Civ. P. 54(b).  Under Rule 54, a court may reconsider an
interlocutory decision "as justice requires."  Capitol Sprinkler
Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C.
Cir. 2011) (internal citation and quotation marks omitted).
Under this standard, reconsideration may be warranted where the
court has "'patently misunderstood the parties, made a decision
beyond the adversarial issues presented, made an error in failing
to consider controlling decisions or data, or [where] a
controlling or significant change in the law has occurred.'"
Arias v. DynCorp, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (quoting
Negley v. F.B.I., 825 F. Supp. 2d 58, 60 (D.D.C. 2011)).
The plaintiffs' motion was denied, as plaintiffs had neither
demonstrated excusable neglect nor shown that justice required
vacating the order.  Plaintiff Brookens made a conscious decision
against filing an opposition to the motions to dismiss.  One of
his two co-counsel disagreed with that choice, yet both counsel
elected to file nothing.  That choice was neither neglect nor

-6-

named federal defendants have now moved to dismiss under Federal
Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and,
in the alternative, for summary judgment under Rule 56.[4]

DISCUSSION

Rule 12(b)(1) provides that a federal court must dismiss a
case when it lacks subject matter jurisdiction.  Fed. R. Civ. P.
12(b)(1).  Generally, "'[b]efore a court may address the merits
of a complaint, it must assure that it has jurisdiction to
entertain the claims.'"  Cornish v. Dudas, 715 F. Supp. 2d 56, 60
(D.D.C. 2010) (quoting Marshall v. Honeywell Tech. Solutions,
Inc., 675 F. Supp. 2d 22, 24 (D.D.C. 2009)).  It is the
plaintiff's burden to demonstrate subject matter jurisdiction.
Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008).  If
the plaintiff cannot meet her burden, the court must dismiss the
action.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,
94 (1998) (citing Ex parte McCardle, 74 U.S. 506 (1868)).  In
considering a motion to dismiss for lack of subject matter

---

excusable neglect.  Nor did the dismissal result from the court
patently misunderstanding the parties, making a decision beyond
the issues presented, failing to consider controlling decisions
or data, or ruling before a significant change in the law had
occurred.

   [4] After the federal defendants filed their dispositive
motion, the plaintiffs late filed a motion for an extension of
time to respond to the federal defendants' motion.  Later, the
plaintiffs filed a motion for leave to file an opposition to the
federal defendants' motion to dismiss that contained a proposed
opposition.  Both motions for leave to file oppositions will be
granted.

-7-

jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "'grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Nat'l Whistleblower Ctr. v. Department of Health and Human Services, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation omitted)).  However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]"  Aref v. Holder, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

"'A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'"  Howard Univ. v. Watkins, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting Peavey v. Holder, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))).  Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint.  Smith-Thompson v. Dist. of Columbia, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, acceptable as true,
> to "state a claim to relief that is plausible on its
> face." . . .  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court
> to draw the reasonable inference that the defendant is
> liable for the misconduct alleged.

-8-

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556, 570 (2007)).
"The complaint must be construed in the light most favorable to
the plaintiff and 'the court must assume the truth of all
well-pleaded allegations.'" <u>Watkins</u>, 857 F. Supp. 2d at 71
(quoting <u>Warren v. Dist. of Columbia</u>, 353 F.3d 36, 39 (D.C. Cir.
2004)).  "[A] complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations[.]" <u>Twombly</u>,
550 U.S. at 555.  However, "[w]here a complaint pleads facts that
are 'merely consistent with' a defendant's liability, it 'stops
short of the line between possibility and plausibility of
entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 662 (quoting
<u>Twombly</u>, 550 U.S. at 557.

A motion under Rule 12(b)(5) to dismiss for failure to
properly serve process may be granted when a plaintiff fails to
"demonstrate that the procedure employed satisfied the
requirements of Rule 4 and any other applicable provision of
law." <u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir. 1987).  After
a motion to dismiss under 12(b)(5) is filed, the plaintiff is
obligated to establish that he has properly effected service.
<u>Strong-Fischer v. Peters</u>, 554 F. Supp. 2d 19, 23 (D.D.C. 2008)
(citation omitted).

-9-

I.   FEDERAL DEFENDANTS

The federal defendants argue that the claims alleged against the individual federal defendants in their individual capacities should be dismissed because the plaintiffs failed to properly serve them, Fed. Defs.' Mem. in Supp. of Mot. to Dismiss or for Summ. J. ("Fed. Defs.' Mem.") at 14-15, and that the claims alleged against them under 42 U.S.C. § 1983 in the First, Second, Fourth, Eleventh, and Twelfth causes of action should be dismissed because § 1983 does not apply to federal employees acting under the color of law, Fed. Defs.' Mem. at 10-12; see also Settles v. United States Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005).  The federal defendants further argue that all claims for damages against them should be dismissed because civil plaintiffs may not bring claims for damages against the United States government for damages arising out of a criminal conviction unless the plaintiff can show that the criminal conviction or concomitant sentence has been reversed on direct appeal, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus.  Fed. Defs.' Mem. in Supp. of Mot. to Dismiss ("Fed. Defs.' Mem.") at 9-10; Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); accord White v. Bowie, 194 F.3d 175, 176 (D.C. Cir. 1999).  The federal defendants also argue that the plaintiffs's remaining common law tort claims against the federal defendants should be dismissed

-10-

because the complaint fails to identify a valid waiver of
sovereign immunity, because the plaintiffs failed to exhaust
their administrative remedies, and because the intentional tort
exception to the Federal Tort Claims Act bars claims of assault
and battery as a matter of law.  Fed. Defs.' Mem. at 12-14, 19.

The plaintiffs concede that the individual federal
defendants have not been properly served, Pls.' Opp'n to (Fed.)
Defs.' Mot. to Dismiss at 3-5, and ask for more time to
effectuate proper service of process, id. at 4-5.  However, the
plaintiffs offer no reason or good cause for their failure to
properly serve these individual defendants in the time allowed by
the rules.[5]  Moreover, the plaintiffs offer no intelligible
response to the federal defendants' substantive arguments, other
than by stating:

> Defendant Wright, in cooperation with private
> attorney Metzler, cannot claim immunity--as acting
> within the scope of their duties as members of the D.C.
> Government Unauthorized Committee—and simultaneously
> claim immunity as acting—with the scope of her federal
> position—in the "Homicide Division" of the U.S. Office
> of the Attorney General for the District of Columbia.
>
> Defendant Jennifer Long cannot claim immunity for
> actions in allegedly holding a hearing—and then taking
> no further action against Mr. Brookens and provide the
> same immunity to ALJ Butler who, as of record, has not

_____

[5] Nor does the docket reflect personal service upon Judge
Butler.  While extending the service deadline is not uncommon, it
is done neither automatically nor as of right.  A plaintiff must
still offer a reason or good cause for failing to serve process
timely.  Plaintiffs here have offered neither, and the claims
against Judge Butler will be dismissed.

-11-

responded to the lawsuit, had no relationship to the
proceedings before ALJ Long, in which Mr. Brookens
properly appeared, in 1984, and entered his appearance
on the hearing record.

Plaintiffs, pursuant to FRCP 56, are required to
be afforded an opportunity to respond to the defenses
raised by a properly prepared Motion for Summary
Judgment —- with supporting documentation and
affidavits and a Statement of Material Issues of Fact
Not in Dispute -- from the affected defendants, Long
and Butler represented by D.C. government or private
counsel, and Federal defendants Ragsdale, Wright, and
Neuman in their motions.

Pls.' Opp'n at 9.  Even a charitable reading of the plaintiffs'

opposition yields nothing that addresses the federal defendants'

arguments regarding <u>Heck</u> or the lack of waiver of sovereign

immunity.  "'Where a plaintiff [does not address] some

. . . arguments raised in a defendant's motion to dismiss, courts

in this district may treat such arguments as conceded.'"

<u>Matthews v. Dist. of Columbia</u>, 730 F. Supp. 2d 33, 39 (D.D.C.

2010) (quoting <u>Payne v. Dist. of Columbia</u>, 592 F. Supp. 2d 29, 37

(D.D.C. 2008); <u>see</u> <u>also</u> <u>Magliore v. Brooks</u>, 844 F. Supp. 2d 38,

43 (D.D.C. 2012) (citing <u>CSX Transp., Inc. v. Commercial Union</u>

<u>Ins., Co.</u>, 82 F.3d 478, 482-83 (D.C. Cir. 1986); <u>Maib v.</u>

<u>F.D.I.C.</u>, 771 F. Supp. 2d 14, 20 (D.D.C. 2011); <u>Felter v.</u>

<u>Salazar</u>, 679 F. Supp. 2d 1, at 4 n.2 (D.D.C. 2010)); <u>City of</u>

<u>Waukesha v. E.P.A.</u>, 320 F.3d 228, 254 (D.C. Cir. 2003) (stating

that courts need not address "asserted but unanalyzed

contention[s]").  Therefore, the federal defendants' motion will

-12-

be granted, and all the claims against all the federal defendants will be dismissed.

II.  CLAIMS AGAINST THE DISTRICT

The District argues that the claims against it should be dismissed because the complaint fails to plead sufficient facts to support municipal liability for the plaintiffs' constitutional claims or for the common law claims, because the Fourteenth Amendment does not apply to the District, and finally because the plaintiffs failed to provide timely and proper notice of their assault and battery claims under D.C. Code § 12-309.  Dist.'s Mot. to Dismiss at 1.

A.   Claims under 42 U.S.C. § 1983

The First Cause of Action alleges that the District defendants violated Brookens' right to equal protection under the Fifth and Fourteenth Amendments to the U.S. Constitution by prosecuting him for the unauthorized practice of law.  Compl. ¶¶ 36-90.  The complaint alleges that the District, the Committee, and the D.C. Bar had a "goal" of "allow[ing] . . . predominantly white" law firms to "control pro bono representation in the District for their benefit," which had a "disparate impact" on the "income of solo African-American practitioners and predominantly African-American law firms." Compl. ¶¶ 40-42.  The Second Cause of Action alleges that the defendants violated Brookens right to free speech by denying him

the ability to practice law - - specifically, by representing
tenants in landlord-tenant disputes - - without a license in the
District, and that defendant Neumann denied Todd's right to free
speech by detaining her and forcing her to state what type of law
she practiced and where she lived.  Id. ¶¶ 91-103.  The Fourth
Cause of Action alleges that all of the defendants violated
Brookens Fourth Amendment right to be free of unreasonable
searches and seizures when federal marshals and unnamed MPD
officers searched Brookens' residence.  Id. ¶¶ 156-228.  The
Eleventh and Twelfth Causes of Action allege that Ragsdale failed
to properly supervise or train Wright and Metzler to prevent them
from violating the plaintiffs' constitutional rights, and that
the District was aware of Ragsdale's failure to properly train
them because the District negligently supervised the Unauthorized
Practice Committee.  Id. §§ 286-328.

     Section 1983 provides a cause of action for a deprivation of
constitutional or federal statutory rights "under color of any
statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia."  42 U.S.C. § 1983.  "In
order to hold a municipality liable for civil rights violations
of its employees under 42 U.S.C. § 1983, the municipality must
have acted in accordance with a 'government policy or custom,
whether made by its lawmakers or those whose edicts or acts may
fairly be said to represent official policy.'" Sanders v. Dist.

-14-

of Columbia, 522 F. Supp. 2d 83, 88 (D.D.C. 2007) (quoting Monell
v. Dep't of Social Servs. of the City of N.Y., 436 U.S. 658, 694
(1978)).  "To impose liability on the District under 42 U.S.C.
§ 1983," a plaintiff "must show not only a violation of his
rights under the Constitution or federal law, but also that the
[District's] custom or policy caused the violation." Feirson v.
Dist. of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (internal
quotation marks and citation omitted).  "It is the plaintiff's
burden to plead the existence of a municipal policy, custom or
practice that violated his federal constitutional or statutory
rights." Jones v. Dist. of Columbia, Civil Action No. 11-275
(BAH), 2011 WL 2222354, at *3 (D.D.C. June 3, 2011).  Thus, "[a]
single incident is insufficient to impose liability against the
District of Columbia." Reed v. Dist. of Columbia, 474 F. Supp.
2d 163, 168 (D.D.C. 2007).  "The policy or custom must be
pervasive to support municipal liability[.]" Sanders, 522 F.
Supp. 2d at 88 (dismissing the plaintiff's § 1983 claim that the
District violated his First Amendment right to free speech by
retaliating against him because the plaintiff failed to point "to
any other employee who suffered similar retaliation"); see also
DuBerry v. Dist. of Columbia, 582 F. Supp. 2d 27, 39 (D.D.C.
2008) (entering judgment in favor of the District where the
plaintiff had "not produced any evidence that the [District's]

-15-

alleged discriminatory employment practices impacted a single
employee or prospective employee other than himself").

The Supreme Court has held that the Fifth Amendment's due
process clause encompasses equal protection claims against the
District of Columbia.  Bolling v. Sharpe, 347 U.S. 497, 498-500
(1954).  To succeed on an equal protection claim, a plaintiff
must show that "[he] has been intentionally treated differently
from others similarly situated and that there is no rational
basis for the difference in treatment." Village of Willowbrook
v. Olech, 528 U.S. 562, 564 (2000).  "Where the claim is
invidious discrimination in contravention of the . . . Fifth
Amendment[],. . . the plaintiff must plead and prove that the
defendant acted with discriminatory purpose . . . on account of
race, religion, or national origin." Iqbal, 556 U.S. at 676-77
(citations omitted).

As an initial matter, "[t]he Fourteenth Amendment applies
only to states and not to the District [of Columbia,]" see Person
v. Dist. of Columbia, 642 F. Supp. 2d 24, 28 (D.D.C. 2009), so
the First Cause of Action will be dismissed against the District
defendants to the extent it alleges a claim under the Fourteenth
Amendment.  As for the claims under the First, Fourth and Fifth
Amendment, the plaintiffs argue that "[t]here are . . . no
heightened pleading requirements required of Plaintiff and . . .
the D.C. Government has argue[d] that the policy and practice

aspects of this issue have been delegated to a[] subordinate
organization."  Pl.'s Opp'n to Dist.'s Mot. to Dismiss at 13.
However, the plaintiffs rely solely on the events surrounding the
prosecution of Brookens as evidence of a municipal policy or
custom, and they have not pled facts plausibly alleging that the
arrest and prosecution of Brookens establishes that there was a
municipal policy orchestrated through multiple actors,
culminating in the prosecution of Brookens for the improper
practice of law, to steer pro bono work away from predominantly
African-American law firms, to infringe Brookens' right to free
speech, or to infringe Brookens' or Todd's rights to be free from
unreasonable searches and seizures.  Additionally, the plaintiffs
plead simply no connection between the prosecution of a person
illegally practicing law without a license in the District and
the alleged policy of steering pro bono work to white law firms.
Brookens was not a solo practitioner of law in the District; he
was not licensed to practice law here.  The plaintiffs make broad
assertions such as "[b]oth the District of Columbia Bar
Association and the committee on the Unauthorized Practice of Law
has [sic] used its power and influence in the political arena to
allow predominately white law firms to monopolize and control the
Administrative Agencies rent control areas and pro bono services
provided in the District of Columbia," Compl. ¶ 44, but plead no
facts to develop the allegation into a facially plausible claim.

-17-

Additionally, the plaintiffs have not pled specific examples of
similarly situated out-of-district attorneys who were treated
differently than Brookens was treated.  Courts "need not accept
inferences drawn by plaintiffs if such inferences are unsupported
by the facts set out in the complaint."  Kowal v. MCI
Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A
complaint that does not sufficiently allege harm caused by a
municipality's policy or custom "fails to allege a necessary
element of liability under § 1983, and that claim must be
dismissed."  Hawkins v. Lanier, 605 F. Supp. 2d 291, 295 (D.D.C.
2009).  Therefore, the First, Second, Fourth, Eleventh, and
Twelfth Causes of Action will be dismissed against the District
in their entirety.

     B.  Common Law Claims

The District argues that Brookens fails to state a claim of
malicious prosecution because he has failed to plead an essential
element of such a claim - - that the prosecution terminated in
his favor.  A successfully pled claim of malicious prosecution
requires such an allegation.  See Dormu v. Dist. of Columbia, 795
F. Supp. 2d 7, 32 (D.D.C. 2011).  The complaint lacks such an
allegation.  Thus, the malicious prosecution claim will be
dismissed.

The District also argues that the plaintiff's common law
claims in the Fifth, Sixth, Seventh, Eighth and Ninth causes of

-18-

action should be dismissed for lack of jurisdiction because,
among other reasons, the plaintiffs failed to comply with D.C.
Code § 12-309's requirement to provide adequate notice to the
District.  Dist.'s Mem. at 17-18.  Under that provision,

> [a]n action may not be maintained against the District
> of Columbia for unliquidated damages to person or
> property unless, within six months after the injury or
> damage was sustained, the claimant, [her] agent, or
> attorney has given notice in writing to the Mayor of
> the District of Columbia of the approximate time,
> place, cause, and circumstances of the injury or
> damage.

D.C. Code § 12-309.  The notification requirement is strictly
applied, and the provision is "'construed narrowly'" against
claimants.  Snowder v. Dist. of Columbia, 949 A.2d 590, 600 (D.C.
2008) (quoting Gross v. Dist. of Columbia, 734 A.2d 1077, 1081
(D.C. 1999)); Dist. of Columbia v. Dunmore, 662 A.2d 1356 (D.C.
1995).  "Only two types of notice can satisfy the requirements of
Section 12-309, however: (1) a written notice to the Mayor of the
District of Columbia, or (2) a police report prepared in the
regular course of duty."  Blocker-Burnette v. Dist. of Columbia,
730 F. Supp. 2d 200, 204 (D.D.C. 2010) (citing Brown v. Dist. of
Columbia, 251 F. Supp. 2d 152, 165 (D.D.C. 2003)).  "Notice of
one type of injury . . . is not notice of another type of injury
incurred in the same incident."  Breen v. Dist. of Columbia, 400
A.2d 1058, 1062 (D.C. 1979); see also Washington v. Dist. of
Columbia, 429 A.2d 1362, 1366 (D.C. 1981).

-19-

According to the District, the plaintiffs timely sent the Mayor a notice of claim letter, but the letter did not notify the Mayor of the plaintiffs' claims for assault and battery, intentional infliction of emotional distress, or defamation of character.  Dist.'s Mem. at 17-18.  Neither of the plaintiffs' opposition briefs addresses this argument squarely, and therefore the plaintiffs have conceded it.  Those common law claims will be dismissed as to the District.  See Magliore, 844 F. Supp. 2d at43 (D.D.C. 2012); Maib 771 F. Supp. 2d at 20; Felter, 679 F. Supp. 2d at 4 n.2.

## CONCLUSION AND ORDER

The plaintiffs have failed to respond to the federal defendants' arguments that the claims against them are barred by the Heck v. Humphrey doctrine, that the complaint fails to allege a waiver of sovereign immunity, and that the complaint fails to allege claims against the individual federal defendants in their individual capacities.  The complaint fails to allege that the plaintiffs were harmed by a custom or policy of the District of Columbia or that Brookens' prosecution ended favorably to him, and the plaintiffs failed to provide notice to the District of their other common law claims.  In addition, the plaintiffs have not demonstrated that they have served the complaint on Judge Butler or that there was a reason or good cause for not doing so.

-20-

Therefore, it is hereby

ORDERED that the plaintiffs' motions [17, 20] for an
extension and for leave to file be, and hereby are, GRANTED.  It
is further

ORDERED that the federal defendants' motion [16] to dismiss
be, and hereby is, GRANTED as effectively conceded, and all
claims against all federal defendants are dismissed.  It is
further

ORDERED that the District's motion [8] to dismiss be, and
hereby is, GRANTED, and both the District and Judge Butler are
dismissed as defendants.  The sole remaining claims are those
alleged against the individual MPD Officers in the Fourth, Sixth,
and Seventh Causes of Action.

SIGNED this 7th day of October, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge