```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
BENOIT BROOKENS, et al.,      )
                              )
        Plaintiffs,           )
                              )
        v.                    )    Civil Action No. 12-502 (RWR)
                              )
UNITED STATES OF AMERICA,     )
et al.,                       )
                              )
        Defendants.           )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiffs Benoit Brookens and Mary Todd filed this action asserting claims under 42 U.S.C. § 1983 and the common law against the District of Columbia, the United States Attorney for the District of Columbia and numerous other defendants in connection with Brookens's arrest and prosecution for criminal contempt for violating an order that prohibited Brookens from practicing law or holding himself out as a lawyer in the District of Columbia. The District of Columbia and the named federal defendants move to dismiss the complaint. Because the plaintiffs have failed to address the federal movants' arguments and the complaint fails to state a claim for which relief can be granted against the District of Columbia, the defendants' motions will be granted and the complaint will be dismissed against all federal defendants and the District of Columbia. Because the plaintiffs have demonstrated no good cause to extend time to serve defendant Judge Butler, he will be dismissed as a defendant.

BACKGROUND

In 1984, Brookens was a resident of the District of Columbia. He was a member of the bars of the States of Wisconsin and Pennsylvania, but he was not a member of the District of Columbia Bar. That year, Brookens filed a tenant petition with the Office of the D.C. Rent Administrator on behalf of himself and other tenants in the apartment building in which he lived. Compl. ¶ 25. The Rent Administrator awarded Brookens $10,000 in damages, awarded the class over one million dollars in rent overcharges and ordered that the tenants were entitled to rent reductions. Id. ¶¶ 26-27. In 1986, Brookens was found to have engaged in the unauthorized practice of law in other matters while he was not an admitted member of the D.C. bar. See Brookens v. Comm. on Unauthorized Practice of Law, 538 A.2d 1120 (D.C. 1988). Brookens was prohibited from

> (1) representing any person other than himself, or any corporation, association, partnership, organization, or other entity, in any court in the District of Columbia unless he is a member of the bar of the court in which such representation takes place;
>
> (2) using such terms as "lawyer," "attorney," "counsel," "counselor" or "counsellor," "Esq.," or "Esquire" to refer to himself in such manner as to convey the impression that he is entitled or authorized to practice law in the District of Columbia, or in any way holding himself out as authorized or qualified to practice law in the District of Columbia;
>
> (3) engaging in any manner in the practice of law in the District of Columbia, as that term is defined in Rule 49(b)(3) of the General Rules of this court; and

>     (4) engaging in any other conduct prohibited by Rule
>     49(b)(2) of the General Rules[.]

Brookens, 538 A.2d at 1122 n.6. In 2010 Brookens was arrested and charged with 19 counts of criminal contempt for violating these prohibitions and engaging in the unauthorized practice of law. The government went forward on four of the counts. Compl. ¶ 35; Fed. Defs.' Mem. in Supp. of Mot. to Dismiss ("Fed. Defs.' Mem."), Ex. 1 at 1. The matter was assigned to Superior Court Judge Lopez,[1] who conducted a bench trial. Defendants Assistant United States Attorney Cynthia Wright, the chair of the Committee on the Unauthorized Practice of Law (the "Committee"), and Theodore Metzler, a Committee member, prosecuted the case. In May 2012, Judge Lopez issued an opinion finding Brookens guilty of four counts of misdemeanor criminal contempt of court for engaging in the unauthorized practice of law. Fed. Defs.' Mem. at 4; see also United States v. Brookens, No. 2011-CCC-10 (D.C. Super. Ct. filed May 20, 2012).

The plaintiffs filed this 12-count action in May 2012, based on the events surrounding Brookens' prosecution. The complaint alleges that the District of Columbia, District of Columbia Bar, Wright, Metzler and his law firm Covington & Burling LLP, and Administrative Law Judges Tyrone Butler and Jennifer Long acted

---

[1] The caption of the plaintiffs' complaint in this case does not list Judge Lopez as a defendant, but the text of the complaint purports to identify him as a party defendant. See e.g., Compl. ¶¶ 11, 328.

under the color of state law to violate the plaintiffs' right to equal protection by preventing Brookens from representing low-income residents in administrative proceedings (First Cause of Action), Compl. ¶¶ 36-90; that the District, Wright, Covington & Burling, Metzler, Judge Butler and Judge Long acted under the color of state law to violate Todd's rights under the First Amendment by detaining her for associating with Brookens, and that they committed common law torts by maliciously prosecuting Brookens and intentionally inflicting emotional distress on him (Second, Third and Eighth Causes of Action), id. ¶¶ 91-155, 245-264; that all defendants acted under the color of state law to violate Brookens' Fourth Amendment right to be free from unreasonable searches and seizures (Fourth Cause of Action), id. ¶¶ 156-228; that Brookens was falsely arrested and denied a speedy jury trial (Fifth Cause of Action), id. ¶¶ 229-235; that the unidentified Marshals, unidentified MPD officers and Neumann assaulted and battered Brookens and Todd (Sixth and Seventh Causes of Action), id. ¶¶ 236-244; that Wright defamed Brookens (Ninth Cause of Action), id. ¶¶ 265-277; and finally that the District, the United States, the United States Attorney, and Assistant United States Attorney Jeffrey Ragsdale negligently failed to train and properly supervise the prosecutors who participated in the criminal action (Eleventh and Twelfth Causes

of Action), id. ¶¶ 286-325.² The complaint sought an order enjoining Metzler and Wright from criminally prosecuting Brookens, id. ¶¶ 326-27, an order "[t]hat the prosecution" of Brookens by Wright and Metzler "violates the U.S. Constitution," $3,000,000 in compensatory damages, punitive damages, costs and attorneys' fees, id. at 50. Metzler, Covington & Burling, the District of Columbia Bar, and Judge Long filed motions to dismiss that were granted as conceded.³ The District of Columbia and the

---

² The complaint mislabels a request for "aggravated damages" as cause of action. Compl. ¶¶ 278-285 ("Tenth Cause of Action").

³ Plaintiffs moved for reconsideration of this court's order granting as conceded the motions to dismiss the complaint against Metzler, Covington & Burling, and the District of Columbia Bar, arguing that they had met an "excusable neglect" standard justifying the relief sought. But, Rule 54(b) governs motions for reconsideration of interlocutory decisions, Scott v. Dist. of Columbia, 246 F.R.D. 49, 51 (D.D.C. 2007) (citing Cobell v. Norton, 224 F.R.D. 266, 271 (D.D.C. 2004)), which may be revised "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities[,]" Fed. R. Civ. P. 54(b). Under Rule 54, a court may reconsider an interlocutory decision "as justice requires." Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011) (internal citation and quotation marks omitted). Under this standard, reconsideration may be warranted where the court has "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'" Arias v. DynCorp, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (quoting Negley v. F.B.I., 825 F. Supp. 2d 58, 60 (D.D.C. 2011)). The plaintiffs' motion was denied, as plaintiffs had neither demonstrated excusable neglect nor shown that justice required vacating the order. Plaintiff Brookens made a conscious decision against filing an opposition to the motions to dismiss. One of his two co-counsel disagreed with that choice, yet both counsel elected to file nothing. That choice was neither neglect nor

named federal defendants have now moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and, in the alternative, for summary judgment under Rule 56.[4]

## DISCUSSION

Rule 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "'[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'" Cornish v. Dudas, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting Marshall v. Honeywell Tech. Solutions, Inc., 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). It is the plaintiff's burden to demonstrate subject matter jurisdiction. Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008). If the plaintiff cannot meet her burden, the court must dismiss the action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citing Ex parte McCardle, 74 U.S. 506 (1868)). In considering a motion to dismiss for lack of subject matter

---

excusable neglect. Nor did the dismissal result from the court patently misunderstanding the parties, making a decision beyond the issues presented, failing to consider controlling decisions or data, or ruling before a significant change in the law had occurred.

[4] After the federal defendants filed their dispositive motion, the plaintiffs late filed a motion for an extension of time to respond to the federal defendants' motion. Later, the plaintiffs filed a motion for leave to file an opposition to the federal defendants' motion to dismiss that contained a proposed opposition. Both motions for leave to file oppositions will be granted.

jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "'grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Nat'l Whistleblower Ctr. v. Department of Health and Human Services, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation omitted)).  However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]"  Aref v. Holder, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

"'A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'"  Howard Univ. v. Watkins, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting Peavey v. Holder, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))).  Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint.  Smith-Thompson v. Dist. of Columbia, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). "The complaint must be construed in the light most favorable to the plaintiff and 'the court must assume the truth of all well-pleaded allegations.'" Watkins, 857 F. Supp. 2d at 71 (quoting Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" Twombly, 550 U.S. at 555. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 662 (quoting Twombly, 550 U.S. at 557.

A motion under Rule 12(b)(5) to dismiss for failure to properly serve process may be granted when a plaintiff fails to "demonstrate that the procedure employed satisfied the requirements of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). After a motion to dismiss under 12(b)(5) is filed, the plaintiff is obligated to establish that he has properly effected service. Strong-Fischer v. Peters, 554 F. Supp. 2d 19, 23 (D.D.C. 2008) (citation omitted).

I.   FEDERAL DEFENDANTS

The federal defendants argue that the claims alleged against the individual federal defendants in their individual capacities should be dismissed because the plaintiffs failed to properly serve them, Fed. Defs.' Mem. in Supp. of Mot. to Dismiss or for Summ. J. ("Fed. Defs.' Mem.") at 14-15, and that the claims alleged against them under 42 U.S.C. § 1983 in the First, Second, Fourth, Eleventh, and Twelfth causes of action should be dismissed because § 1983 does not apply to federal employees acting under the color of law, Fed. Defs.' Mem. at 10-12; see also Settles v. United States Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005).  The federal defendants further argue that all claims for damages against them should be dismissed because civil plaintiffs may not bring claims for damages against the United States government for damages arising out of a criminal conviction unless the plaintiff can show that the criminal conviction or concomitant sentence has been reversed on direct appeal, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus.  Fed. Defs.' Mem. in Supp. of Mot. to Dismiss ("Fed. Defs.' Mem.") at 9-10; Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); accord White v. Bowie, 194 F.3d 175, 176 (D.C. Cir. 1999).  The federal defendants also argue that the plaintiffs's remaining common law tort claims against the federal defendants should be dismissed

because the complaint fails to identify a valid waiver of sovereign immunity, because the plaintiffs failed to exhaust their administrative remedies, and because the intentional tort exception to the Federal Tort Claims Act bars claims of assault and battery as a matter of law.  Fed. Defs.' Mem. at 12-14, 19.

The plaintiffs concede that the individual federal defendants have not been properly served, Pls.' Opp'n to (Fed.) Defs.' Mot. to Dismiss at 3-5, and ask for more time to effectuate proper service of process, id. at 4-5.  However, the plaintiffs offer no reason or good cause for their failure to properly serve these individual defendants in the time allowed by the rules.[5]  Moreover, the plaintiffs offer no intelligible response to the federal defendants' substantive arguments, other than by stating:

> Defendant Wright, in cooperation with private attorney Metzler, cannot claim immunity--as acting within the scope of their duties as members of the D.C. Government Unauthorized Committee—and simultaneously claim immunity as acting—with the scope of her federal position—in the "Homicide Division" of the U.S. Office of the Attorney General for the District of Columbia.
>
> Defendant Jennifer Long cannot claim immunity for actions in allegedly holding a hearing—and then taking no further action against Mr. Brookens and provide the same immunity to ALJ Butler who, as of record, has not

---

[5] Nor does the docket reflect personal service upon Judge Butler.  While extending the service deadline is not uncommon, it is done neither automatically nor as of right.  A plaintiff must still offer a reason or good cause for failing to serve process timely.  Plaintiffs here have offered neither, and the claims against Judge Butler will be dismissed.

>   responded to the lawsuit, had no relationship to the proceedings before ALJ Long, in which Mr. Brookens properly appeared, in 1984, and entered his appearance on the hearing record.
>
>   Plaintiffs, pursuant to FRCP 56, are required to be afforded an opportunity to respond to the defenses raised by a properly prepared Motion for Summary Judgment -- with supporting documentation and affidavits and a Statement of Material Issues of Fact Not in Dispute -- from the affected defendants, Long and Butler represented by D.C. government or private counsel, and Federal defendants Ragsdale, Wright, and Neuman in their motions.

Pls.' Opp'n at 9. Even a charitable reading of the plaintiffs' opposition yields nothing that addresses the federal defendants' arguments regarding Heck or the lack of waiver of sovereign immunity. "'Where a plaintiff [does not address] some . . . arguments raised in a defendant's motion to dismiss, courts in this district may treat such arguments as conceded.'" Matthews v. Dist. of Columbia, 730 F. Supp. 2d 33, 39 (D.D.C. 2010) (quoting Payne v. Dist. of Columbia, 592 F. Supp. 2d 29, 37 (D.D.C. 2008); see also Magliore v. Brooks, 844 F. Supp. 2d 38, 43 (D.D.C. 2012) (citing CSX Transp., Inc. v. Commercial Union Ins., Co., 82 F.3d 478, 482-83 (D.C. Cir. 1986); Maib v. F.D.I.C., 771 F. Supp. 2d 14, 20 (D.D.C. 2011); Felter v. Salazar, 679 F. Supp. 2d 1, at 4 n.2 (D.D.C. 2010)); City of Waukesha v. E.P.A., 320 F.3d 228, 254 (D.C. Cir. 2003) (stating that courts need not address "asserted but unanalyzed contention[s]"). Therefore, the federal defendants' motion will

be granted, and all the claims against all the federal defendants will be dismissed.

II. CLAIMS AGAINST THE DISTRICT

The District argues that the claims against it should be dismissed because the complaint fails to plead sufficient facts to support municipal liability for the plaintiffs' constitutional claims or for the common law claims, because the Fourteenth Amendment does not apply to the District, and finally because the plaintiffs failed to provide timely and proper notice of their assault and battery claims under D.C. Code § 12-309. Dist.'s Mot. to Dismiss at 1.

    A.    <u>Claims under 42 U.S.C. § 1983</u>

The First Cause of Action alleges that the District defendants violated Brookens' right to equal protection under the Fifth and Fourteenth Amendments to the U.S. Constitution by prosecuting him for the unauthorized practice of law. Compl. ¶¶ 36-90. The complaint alleges that the District, the Committee, and the D.C. Bar had a "goal" of "allow[ing] . . . predominantly white" law firms to "control pro bono representation in the District for their benefit," which had a "disparate impact" on the "income of solo African-American practitioners and predominantly African-American law firms." Compl. ¶¶ 40-42. The Second Cause of Action alleges that the defendants violated Brookens right to free speech by denying him

the ability to practice law - - specifically, by representing tenants in landlord-tenant disputes - - without a license in the District, and that defendant Neumann denied Todd's right to free speech by detaining her and forcing her to state what type of law she practiced and where she lived. Id. ¶¶ 91-103. The Fourth Cause of Action alleges that all of the defendants violated Brookens Fourth Amendment right to be free of unreasonable searches and seizures when federal marshals and unnamed MPD officers searched Brookens' residence. Id. ¶¶ 156-228. The Eleventh and Twelfth Causes of Action allege that Ragsdale failed to properly supervise or train Wright and Metzler to prevent them from violating the plaintiffs' constitutional rights, and that the District was aware of Ragsdale's failure to properly train them because the District negligently supervised the Unauthorized Practice Committee. Id. §§ 286-328.

Section 1983 provides a cause of action for a deprivation of constitutional or federal statutory rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "In order to hold a municipality liable for civil rights violations of its employees under 42 U.S.C. § 1983, the municipality must have acted in accordance with a 'government policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy.'" Sanders v. Dist.

of Columbia, 522 F. Supp. 2d 83, 88 (D.D.C. 2007) (quoting Monell v. Dep't of Social Servs. of the City of N.Y., 436 U.S. 658, 694 (1978)). "To impose liability on the District under 42 U.S.C. § 1983," a plaintiff "must show not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation." Feirson v. Dist. of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (internal quotation marks and citation omitted). "It is the plaintiff's burden to plead the existence of a municipal policy, custom or practice that violated his federal constitutional or statutory rights." Jones v. Dist. of Columbia, Civil Action No. 11-275 (BAH), 2011 WL 2222354, at *3 (D.D.C. June 3, 2011). Thus, "[a] single incident is insufficient to impose liability against the District of Columbia." Reed v. Dist. of Columbia, 474 F. Supp. 2d 163, 168 (D.D.C. 2007). "The policy or custom must be pervasive to support municipal liability[.]" Sanders, 522 F. Supp. 2d at 88 (dismissing the plaintiff's § 1983 claim that the District violated his First Amendment right to free speech by retaliating against him because the plaintiff failed to point "to any other employee who suffered similar retaliation"); see also DuBerry v. Dist. of Columbia, 582 F. Supp. 2d 27, 39 (D.D.C. 2008) (entering judgment in favor of the District where the plaintiff had "not produced any evidence that the [District's]

alleged discriminatory employment practices impacted a single employee or prospective employee other than himself").

The Supreme Court has held that the Fifth Amendment's due process clause encompasses equal protection claims against the District of Columbia. Bolling v. Sharpe, 347 U.S. 497, 498-500 (1954). To succeed on an equal protection claim, a plaintiff must show that "[he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "Where the claim is invidious discrimination in contravention of the . . . Fifth Amendment[],. . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose . . . on account of race, religion, or national origin." Iqbal, 556 U.S. at 676-77 (citations omitted).

As an initial matter, "[t]he Fourteenth Amendment applies only to states and not to the District [of Columbia,]" see Person v. Dist. of Columbia, 642 F. Supp. 2d 24, 28 (D.D.C. 2009), so the First Cause of Action will be dismissed against the District defendants to the extent it alleges a claim under the Fourteenth Amendment. As for the claims under the First, Fourth and Fifth Amendment, the plaintiffs argue that "[t]here are . . . no heightened pleading requirements required of Plaintiff and . . . the D.C. Government has argue[d] that the policy and practice

aspects of this issue have been delegated to a[] subordinate organization." Pl.'s Opp'n to Dist.'s Mot. to Dismiss at 13. However, the plaintiffs rely solely on the events surrounding the prosecution of Brookens as evidence of a municipal policy or custom, and they have not pled facts plausibly alleging that the arrest and prosecution of Brookens establishes that there was a municipal policy orchestrated through multiple actors, culminating in the prosecution of Brookens for the improper practice of law, to steer pro bono work away from predominantly African-American law firms, to infringe Brookens' right to free speech, or to infringe Brookens' or Todd's rights to be free from unreasonable searches and seizures. Additionally, the plaintiffs plead simply no connection between the prosecution of a person illegally practicing law without a license in the District and the alleged policy of steering pro bono work to white law firms. Brookens was not a solo practitioner of law in the District; he was not licensed to practice law here. The plaintiffs make broad assertions such as "[b]oth the District of Columbia Bar Association and the committee on the Unauthorized Practice of Law has [sic] used its power and influence in the political arena to allow predominately white law firms to monopolize and control the Administrative Agencies rent control areas and pro bono services provided in the District of Columbia," Compl. ¶ 44, but plead no facts to develop the allegation into a facially plausible claim.

Additionally, the plaintiffs have not pled specific examples of similarly situated out-of-district attorneys who were treated differently than Brookens was treated. Courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). A complaint that does not sufficiently allege harm caused by a municipality's policy or custom "fails to allege a necessary element of liability under § 1983, and that claim must be dismissed." Hawkins v. Lanier, 605 F. Supp. 2d 291, 295 (D.D.C. 2009). Therefore, the First, Second, Fourth, Eleventh, and Twelfth Causes of Action will be dismissed against the District in their entirety.

    B.   Common Law Claims

The District argues that Brookens fails to state a claim of malicious prosecution because he has failed to plead an essential element of such a claim - - that the prosecution terminated in his favor. A successfully pled claim of malicious prosecution requires such an allegation. See Dormu v. Dist. of Columbia, 795 F. Supp. 2d 7, 32 (D.D.C. 2011). The complaint lacks such an allegation. Thus, the malicious prosecution claim will be dismissed.

The District also argues that the plaintiff's common law claims in the Fifth, Sixth, Seventh, Eighth and Ninth causes of

action should be dismissed for lack of jurisdiction because, among other reasons, the plaintiffs failed to comply with D.C. Code § 12-309's requirement to provide adequate notice to the District. Dist.'s Mem. at 17-18. Under that provision,

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, [her] agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309. The notification requirement is strictly applied, and the provision is "'construed narrowly'" against claimants. Snowder v. Dist. of Columbia, 949 A.2d 590, 600 (D.C. 2008) (quoting Gross v. Dist. of Columbia, 734 A.2d 1077, 1081 (D.C. 1999)); Dist. of Columbia v. Dunmore, 662 A.2d 1356 (D.C. 1995). "Only two types of notice can satisfy the requirements of Section 12-309, however: (1) a written notice to the Mayor of the District of Columbia, or (2) a police report prepared in the regular course of duty." Blocker-Burnette v. Dist. of Columbia, 730 F. Supp. 2d 200, 204 (D.D.C. 2010) (citing Brown v. Dist. of Columbia, 251 F. Supp. 2d 152, 165 (D.D.C. 2003)). "Notice of one type of injury . . . is not notice of another type of injury incurred in the same incident." Breen v. Dist. of Columbia, 400 A.2d 1058, 1062 (D.C. 1979); see also Washington v. Dist. of Columbia, 429 A.2d 1362, 1366 (D.C. 1981).

According to the District, the plaintiffs timely sent the Mayor a notice of claim letter, but the letter did not notify the Mayor of the plaintiffs' claims for assault and battery, intentional infliction of emotional distress, or defamation of character. Dist.'s Mem. at 17-18. Neither of the plaintiffs' opposition briefs addresses this argument squarely, and therefore the plaintiffs have conceded it. Those common law claims will be dismissed as to the District. See Magliore, 844 F. Supp. 2d at 43 (D.D.C. 2012); Maib 771 F. Supp. 2d at 20; Felter, 679 F. Supp. 2d at 4 n.2.

## CONCLUSION AND ORDER

The plaintiffs have failed to respond to the federal defendants' arguments that the claims against them are barred by the Heck v. Humphrey doctrine, that the complaint fails to allege a waiver of sovereign immunity, and that the complaint fails to allege claims against the individual federal defendants in their individual capacities. The complaint fails to allege that the plaintiffs were harmed by a custom or policy of the District of Columbia or that Brookens' prosecution ended favorably to him, and the plaintiffs failed to provide notice to the District of their other common law claims. In addition, the plaintiffs have not demonstrated that they have served the complaint on Judge Butler or that there was a reason or good cause for not doing so.

Therefore, it is hereby

ORDERED that the plaintiffs' motions [17, 20] for an extension and for leave to file be, and hereby are, GRANTED. It is further

ORDERED that the federal defendants' motion [16] to dismiss be, and hereby is, GRANTED as effectively conceded, and all claims against all federal defendants are dismissed. It is further

ORDERED that the District's motion [8] to dismiss be, and hereby is, GRANTED, and both the District and Judge Butler are dismissed as defendants. The sole remaining claims are those alleged against the individual MPD Officers in the Fourth, Sixth, and Seventh Causes of Action.

SIGNED this 7th day of October, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge
