UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| BENOIT BROOKENS, et al.,        ) | |
| ) | |
| Plaintiffs,        ) | |
| ) | |
| v.        ) | Civil Action No. 12-502 (RWR) |
| ) | |
| UNITED STATES OF AMERICA,        ) | |
| et al.,        ) | |
| ) | |
| Defendants.        ) | |
| _____ ) | |

MEMORANDUM ORDER

Plaintiffs Benoit Brookens and Mary Todd filed this action asserting claims under 42 U.S.C. § 1983 and the common law against the District of Columbia, the United States Attorney for the District of Columbia and numerous other defendants in connection with Brookens's arrest and prosecution for criminal contempt for violating an order that prohibited Brookens from practicing law or holding himself out as a lawyer in the District of Columbia.  A memorandum opinion and order issued in October 2013 ("October Order") dismissed all of the plaintiffs' claims except for those alleged against individual Metropolitan Police Department ("MPD") Officers in the Fourth, Sixth, and Seventh Causes of Action.  See Brookens v. Dist. of Columbia, 981 F. Supp. 2d 55 (D.D.C. 2013).  The plaintiffs now move to alter or amend the October Order, alleging that it misapplied applicable law.  Plaintiffs have failed to demonstrate that

justice requires reconsideration of the October Order, and their
motion will be denied.

A motion for reconsideration of an interlocutory order is
governed by Rule 54(b) of the Federal Rules of Civil Procedure.
Cobell v. Norton, 224 F.R.D. 266, 271 (D.D.C. 2004); see also
Fed. R. Civ. P. 54(b).  That rule provides that an interlocutory
order "may be revised at any time before the entry of a judgment
adjudicating all the claims and all the parties' rights and
liabilities." Fed. R. Civ. P. 54(b).  Rule 54 recognizes the
inherent power of the court to reconsider an interlocutory order
"as justice requires."  Capitol Sprinkler Inspection v. Guest
Servs., 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting Green v.
Union Mut. Life Ins. of Am., 764 F.2d 19, 22-23 (1st Cir. 1985));
United States ex rel. Westrick v. Second Chance Body Armor, 893
F. Supp. 2d 258, 268 (D.D.C. 2012).  A court has wide latitude in
exercising its discretion to determine whether justice requires
reconsideration.  Cobell, 224 F.R.D. at 272-73.  For example,
justice may require reconsidering an interlocutory order where
the court has patently misunderstood a party, made a decision
beyond the adversarial issues presented, or erred in failing to
consider controlling decisions or data, or where a controlling or
significant change in the law has occurred.  Cobell, 224 F.R.D.
at 272; see also Arias v. DynCorp, 856 F. Supp. 2d 46, 51 (D.D.C.
2012).  "However, in order to promote finality, predictability

-3-

and economy of judicial resources, 'as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (quoting Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008)).  "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel, 606 F. Supp. 2d at 85.

The plaintiffs first argue that the October Order incorrectly applied the law in dismissing their claim against the District of Columbia defendants to the extent it alleges an equal protection claim under the Fourteenth Amendment.  However, they acknowledge that the October Order correctly observes that the Fourteenth Amendment applies only against the states and not against the District of Columbia.  They also ignore that the claim was dismissed also because the plaintiffs failed to plead any facts showing that they were deprived of equal protection by a custom or policy of the District of Columbia.  Plaintiffs have not shown that justice requires revisiting that decision.

The plaintiffs also request that

[t]his Court . . . reconsider its erroneous determination that the Defendants -- can "waive service" and defend the case on the merits -- or its can "defend" on "Lack of Personal Service." This Court,

-4-

as a matter of Law, mis-interpreted FRCP 12(b)(6) and
12(b)(1).  This Court, in its consideration of this
matter, is requested to draw from Bolling v. Sharpe,
which it so poignantly cited in its order, and
applicable to the duties and responsibility of the
Federal Government.  Attorney Cynthia Wright, under her
D.C. State Government authority, of the D.C. Court
Appeals used her position, as a Federal law enforcement
official, U.S. Attorney for the District of Columbia,
and with her ability to command the police powers of
the Federal and D.C. Government, to arrest Mr. Brookens
and Attorney Todd, in Mr. Brookens residence -- without
a "Search Warrant" is plead, as discriminatory purpose.

Pls. Mot. at 2-3.  A charitable construction of this unclear

request is that it seeks reconsideration of the portion of the

October Order that concluded that the plaintiffs conceded the

substantive arguments the federal defendants raised since the

plaintiffs failed to address those arguments, and that dismissed

the plaintiffs' claims against the federal defendants.  See

Brookens, 981 F. Supp. 2d at 62.  The plaintiffs have not

provided any justifiable reason for failing to substantively

respond to those arguments in their opposition to the defendants'

motion to dismiss, nor have they substantively responded to those

arguments in this motion.  As justice does not require

reconsidering the October Order, it is hereby

    ORDERED that the plaintiffs' motion [25] for reconsideration

be, and hereby is, DENIED.  It is further

    ORDERED that the parties confer and file by April 3, 2015, a

joint status report and proposed order reflecting three mutually

-5-

agreeable dates on which to hold an initial scheduling conference.

SIGNED this 24th day of March, 2015.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge